**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **TROY KEHOE, Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**3D SYSTEMS CORPORATION, VYOMESH I. JOSHI, TODD A. BOOTH, JEFFREY A. GRAVES, WAYNE PENSKY, and JAGTAR NARULA**<br><br>**Defendants.** | **Case No. 1:21-cv-01920-NGG-TAM**<br><br><u>**CLASS ACTION**</u> |
| **RAMESH KUMAR, Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**3D SYSTEMS CORPORATION, VYOMESH I. JOSHI, TODD A. BOOTH, JEFFREY A. GRAVES, WAYNE PENSKY, and JAGTAR NARULA**<br><br>**Defendants.** | **Case No. 1:21-cv-02383-NGG-TAM**<br><br><u>**CLASS ACTION**</u> |

**DEFENDANTS' RESPONSE TO COMPETING MOTIONS FOR APPOINTMENT OF
LEAD PLAINTIFF AND LEAD COUNSEL AND FOR CONSOLIDATION**

Defendants 3D Systems Corporation, Vyomesh I. Joshi, Todd A. Booth, Jeffrey A. Graves, Wayne Pensky, and Jagtar Narula (together, the "Defendants") hereby respond to the competing Motions filed by Darrell Cline, Vito D'Amelio, and Ramesh Kumar (each a "Movant" and, together, the "Movants") seeking appointment of Lead Plaintiff and Lead Counsel pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), and seeking consolidation of the above-captioned putative class actions

pursuant to Federal Rule of Civil Procedure 42(a).  As an initial matter, Defendants submit that the above-styled actions are without merit and should be dismissed, which Defendants will explain in more detail at the appropriate time.

Without conceding the standing of any putative class member, Defendants take no position as to which Movant should be appointed Lead Plaintiff or which counsel should represent the Lead Plaintiff.  Defendants note, however, that the Lead Plaintiff appointment process under the Private Securities Litigation Reform Act does not replace the rigorous examination of proposed class representatives required by Federal Rule of Civil Procedure 23. *See, e.g.*, *Martingano v. Am. Int'l Grp., Inc.*, No. 06-CV-1625 (JG) (JMA), 2006 U.S. Dist. LEXIS 47855, at *12-13 (E.D.N.Y. July 11, 2006) ("[A]ny preliminary class certification findings of typicality and adequacy for the purposes of appointing a lead plaintiff will not preclude any party from contesting the ultimate class certification in the future.").  Accordingly, should this case proceed to class certification, Defendants reserve their right to raise all arguments concerning Rule 23's requirements, including, but not limited to, arguments related to the adequacy and typicality of the proposed class representative.

Defendants agree that the above-styled actions should be consolidated.

Respectfully submitted this 22nd day of June, 2021.

**ALSTON & BIRD**

/s/ *John A. Jordak, Jr.*
John A. Jordak, Jr.
john.jordak@alston.com
Elizabeth Gingold Clark
elizabeth.clark@alston.com
Timothy J. Fitzmaurice
tim.fitzmaurice@alston.com
90 Park Avenue

15th Floor
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Attorneys for Defendants 3D Systems Corporation, Vyomesh I. Joshi, Todd A. Booth, Jeffrey A. Graves, Wayne Pensky, and Jagtar Narula*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of June, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys of record in the above-referenced action.

**ALSTON & BIRD**

/s/ *Elizabeth Gingold Clark*
Elizabeth Gingold Clark
elizabeth.clark@alston.com
90 Park Avenue
15th Floor
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Attorneys for Defendants 3D Systems Corporation, Vyomesh I. Joshi, Todd A. Booth, Jeffrey A. Graves, Wayne Pensky, and Jagtar Narula*